FAIRWAY DEVELOPERS, INC.,
Appellant–Defendant,

v.

Carnel MARCUM and Elsie Marcum,
Appellees–Plaintiffs.

No. 22A01–0501–CV–25.

Court of Appeals of Indiana.

Aug. 11, 2005.

Robert P. Hamilton, Lorch & Naville, New Albany, for Appellant.

John A. Kraft, Young, Lind, Endres & Kraft, New Albany, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Fairway Developers, Inc. (Developer) appeals the trial court's judgment in favor of appellees-plaintiffs Camel and Elsie Marcum (Sellers). Specifically, Developer argues that the trial court erred in ordering specific performance of a real estate contract. Finding that the liquidated damages clause should have been enforced, we reverse and remand.

## FACTS

During 2003, Developer was creating a commercial real estate development in New Albany that, if approved, would include the Sellers' real estate in a Planned Unit Development (PUD). Gary L. McCartin, Developer's president and a licensed real estate broker, visited the Sellers, octogenarians who each had an eighth-grade education, to let them know that he wanted to purchase the real estate on which their home stood. McCartin prepared a real estate sales contract (Contract) and returned to the Sellers' home on February 24, 2003, when they signed the Contract.

The Contract required Developer to deposit $5,000 in earnest money to be held in escrow with Lorch & Naville. The earnest money was to be non-refundable if Developer cancelled the transaction. But "[i]f [Developer] defaults hereunder and fails to cure said fault within ten (10) days after receipt of written notice thereof from [the Sellers], then, upon demand of [the Sellers], said earnest money shall be forfeited as liquidated damages." Appellant's App. p. 22. The liquidated damages clause further provided:

> It is specifically agreed that [the Sellers'] damages as a result of [Developer's] breach of this Contract would be difficult to precisely determine and therefore shall be limited to the earnest money deposit as liquidated damages which the parties agree approximates such damages, and [the Sellers] waive[ ] any and all other damages and causes of action which may have arisen under the terms of the Contract.

*Id.* The closing was to take place "no later than September 15, 2003," and the Contract provided that time was of the essence. Appellant's App. p. 25, 27.

The value of the Sellers' land when zoned as residential was $90,000. The Contract price was $250,000, which was subject to several conditions precedent, including Developer obtaining all the necessary governmental permits, licenses and approvals for the construction and operation of improvements on the real estate for its intended commercial use. If any of the conditions precedent were not satisfied within 180 days after the execution of the Contract, Developer was required either to terminate the Contract and have the earnest money returned or to notify the Sellers in writing of its need for an additional thirty days to satisfy the remaining conditions precedent. If neither occurred within ten days of the expiration of the 180–day period, any unsatisfied conditions were waived.

Developer never deposited the earnest money into escrow. On June 17, 2003, Developer received an unfavorable recommendation of its PUD from the New Albany City Plan Commission. Developer scrapped its original plan and proceeded with a new one to conform to the current residential zoning and included the Sellers' real estate in the plan without informing them of the change. On September 29, 2003, Developer advised the Sellers:

> Due to the fact that I was unable to obtain the zoning on your project that was necessary for me to develop your property with my intended uses, I have been unable to secure the necessary financing on your property from any local lending institutions. I will be unable to purchase your property in accordance with the conditions as contained within our Real Estate Contract.

Appellee's App. p. 13. Developer failed to timely close the transaction, to request an extension of time, or to provide written notice of termination of the Contract.

On November 20, 2003, the Sellers filed a Verified Complaint for Declaratory Judgment and Damages requesting specific performance as well as compensatory and punitive damages and attorney's fees. Developer filed its answer on March 9, 2004, asserting several defenses, including that the Sellers were only entitled to liquidated damages. The bench trial was held on September 15 and 16, 2004, and the Sellers filed a request for Findings of Fact and Conclusions of Law. On December 16, 2004, the trial court entered its findings and judgment in favor of the Sellers in the amount of $250,000. The trial court ordered specific performance because the $5,000 in liquidated damages was "grossly disproportionate" to the Sellers' actual damages and because Developer had "unclean hands" inasmuch as it ignored the terms of the Contract and included the Sellers' property in its plans after notifying them that it would be unable to purchase their property. Appellant's App. p. 13–14. The trial court denied the Sellers' request for attorney's fees. Developer now appeals.

## DISCUSSION AND DECISION

■ Developer argues that the trial court erred in ordering specific performance. Specifically, Developer alleges that the only recovery available to the Sellers was the $5,000 in liquidated damages.

We initially observe that when a trial court has entered findings of fact and conclusions of law pursuant to a party's request, we engage in a two-tiered standard of review. We must first determine whether the evidence supports the findings of fact and then whether the findings support the judgment. *Henry v. Henry,* 758 N.E.2d 991, 992 (Ind.Ct.App.2001). We will not reverse the trial court's findings and judgment unless they are clearly erroneous. *Id.* Findings of fact are clearly

erroneous when the record lacks any facts or reasonable inferences from the evidence to support them. *Id.* The judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings. *Id.* at 993. In making these determinations, we will neither reweigh the evidence nor judge witness credibility, but we will consider only the evidence favorable to the judgment and all reasonable inferences therefrom. *Id.*

Upon reviewing the provisions of a contract, we will determine the parties' intent from the four corners of the contract. *Roy A. Miller & Sons, Inc. v. Indus. Hardwoods Corp.*, 775 N.E.2d 1168, 1172–73 (Ind.Ct.App.2002). If the contract language is clear and unambiguous, we will give the language its plain and ordinary meaning. *Id.* But if the language is ambiguous, then we must determine its meaning by extrinsic evidence. *Id.* And as our Supreme Court noted in the recent case of *New Welton Homes v. Eckman,* 830 N.E.2d 32, 35 (Ind.2005), "we must leave to the individual parties the right to make the terms of their agreements as they deem fit and proper, and, as long as those terms are clear and unambiguous and are not unlawful, we can only enforce them as agreed upon."

In *New Welton Homes,* our Supreme Court was faced with the question of whether a one-year warranty for the purchase of a manufactured home should begin to run with discovery of a defect. The homeowners in that case argued that they were unaware of defects in their home until after the warranty period had passed. Thus, they reasoned that, much like in cases involving statutory limitation periods, their cause of action did not accrue until they discovered the defects. Our Supreme Court disagreed, finding that contractual limitations shortening the time to commence suit are valid so long as a reasonable time is afforded. Our Supreme Court ultimately found for the builder because "both parties agreed to the provision, and the contract limitation should be enforced." 830 N.E.2d at 35.

We find *New Welton Homes* to be instructive. Here, the contract unambiguously provides that the Sellers' only available damages in the event of a breach by Developer is the $5,000 liquidated damages. Appellant's App. p. 22. Both parties agreed to these terms, and they are sufficiently clear and unambiguous that the Sellers would be able to understand to what they are agreeing. Therefore, we can only enforce the terms as they were agreed upon by Developer and the Sellers. We find that the correct measure of damages are found in the liquidated damages clause. The earnest money is similar to an account stated, inasmuch as it is "an agreement between parties that all items of account and the balance struck are correct, together with a promise, express or implied, to pay the balance." *Urbanational Developers, Inc. v. Shamrock Eng'g, Inc.,* 372 N.E.2d 742, 750, 175 Ind.App. 416, 428 (1978). Thus, the Sellers are entitled to $5,000 plus statutory interest per annum from the date that the earnest money should have been deposited. *See* Ind.Code § 24–4.6–1–103.

▪ Moreover, we find that the unclean hands doctrine does not apply in this case. The unclean hands doctrine is an equitable tenet that demands one who seeks equitable relief to be free of wrongdoing in the matter before the court. *Ruder v. Ohio Valley Wholesale, Inc.,* 736 N.E.2d 776, 780 (Ind.Ct.App.2000). The alleged wrongdoing must have an immediate and necessary relation to the matter being litigated. *Id.* For the doctrine of unclean hands to apply, the misconduct must be intentional. *City of Mishawaka v.*

*Kvale,* 810 N.E.2d 1129, 1136 (Ind.Ct.App. 2004). The purpose of the unclean hands doctrine is to prevent a party from reaping benefits from his misconduct. *Ruder,* 736 N.E.2d at 781.

First, the Sellers—not Developer—requested equitable relief in this case, and there is no allegation that the Sellers engaged in any wrongdoing. Second, Developer is not reaping any benefit from the alleged misconduct. The earnest money will be paid to the Sellers as part of the judgment, and the Sellers would have received that money in the purchase of the real estate had all gone according to plan. Finally, there is no evidence that Developer intentionally failed to put the earnest money into escrow or that Developer intentionally misrepresented its interest in the Sellers' property to the Plan Commission. Therefore, the unclean hands doctrine does not apply here.

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

RILEY, J., and MATHIAS, J., concur.