**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRISTINE L. SAINT JOHN**
Rhine-Ernest
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**JERRY D. STILWELL**
Bamberger, Foreman, Oswald and Hahn, LLP
Princeton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY E. DURHAM, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 26A01-1211-DR-514 |
| | ) | |
| HEATHER R. DURHAM, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE GIBSON CIRCUIT COURT
The Honorable Jeffrey F. Meade, Judge
Cause No. 26C01-1111-DR-209

**July 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Danny E. Durham (Husband) appeals the trial court's decision regarding the division of marital property in his dissolution action against his former wife, Heather R. Durham (Wife). Husband presents the following issues for review:

1. Did the trial court abuse its discretion in dividing the marital assets and liabilities?

2. Did the trial err in including certain liabilities and assets in the marital pot?

3. Did the trial court abuse its discretion in awarding Wife rehabilitative maintenance?

We affirm.

Husband and Wife were married August 19, 1995. The parties met while attending school at the University of Kentucky. Husband graduated in December 1995 with a degree in mining engineering, and started work in West Virginia. Due to the move, Wife was not able to complete her degree. Wife worked part-time in a number of different positions until her first child was born on November 20, 1997. There are five children from the marriage, born November 20, 1997; January 2, 2000; September 16, 2002; January 11, 2005; and March 9, 2008. Husband accepted a job in November 2000 at Alliance Coal in Owensville, Indiana. In July 2009, the family moved to Princeton, Indiana, where the parties lived until the time of separation.

Husband filed his petition for Dissolution of Marriage on November 15, 2011, with a provisional hearing set on December 5, 2011. On that date, the Court was advised an agreed entry would be provided, but none was filed. Wife filed a Motion for Provisional Hearing on January 4, 2011, and a provisional hearing was held on February 17, 2012. During the provisional hearing, Husband testified that his gross earnings for 2011 were approximately

$377,000, and since the dissolution action was filed, Husband had been paying all marital bills and giving Wife $750 each month for other expenses. Husband testified that he received a $90,000 bonus in February 2012, which is at issue in this case. At the provisional hearing, the court ordered Husband to continue paying the bills, ordered provisional payments of $2500 each month, and $2000 in attorney fees.

Final hearing was held on July 12 and August 27, 2012. At the final hearing, the court admitted W-2's showing Husband's gross income for previous years was $384,129 in 2011, $216,065 in 2010, and $201,246 in 2009. In order to determine child support, the trial court deemed Husband to have a gross income of $200,000 each year, and ordered $620 in child support each week, as per the Indiana Child Support Guidelines. The trial court entered findings that Husband had been demoted, but he had not sustained a decrease in pay or benefits. The trial court specifically reserved the right to modify the support amount in the event Husband would get promoted as quickly as he got demoted.

During the final hearing, the parties agreed that certain accounts and property were deemed marital assets, but Wife successfully argued that other property should be included, which Husband disputes on appeal. The court found that the $90,000 bonus received by Husband in February 2012, which had a net value of $62,000, was a marital asset. Also, the Court found that additional attorney fees of $6000 were to be paid by Husband. Husband's ARLP stock, valued at $94,980 for 1,583 shares, was included as a marital asset, and Husband was ordered to pay rehabilitative maintenance to Wife of $250 per week for a period not to exceed three years. The Court determined the marital assets of the parties

3

totaled $823,580. Furthermore, the Court determined that equal division of marital assets would not be reasonable due to Husband's superior economic circumstances and earning power, and Wife's delayed employment opportunities and advancements to foster family development as a primary caregiver. Therefore, Wife was awarded significantly greater than one-half of the marital assets; Wife received $655,598 and Husband received $168,570.

The court entered an order on August 31, 2012 dissolving the marriage of the parties but reserving issues of property division and child custody. Both parties submitted proposed findings, and the court entered its findings of fact and conclusions of law on October 23, 2012. Husband now appeals.

1.

Husband contends that the trial court abused its discretion in dividing the marital assets and liabilities. We review a challenge to the trial court's division of marital property for abuse of discretion, and we consider only the evidence favorable to the judgment. *Capehart v. Capehart*, 705 N.E.2d 533 (Ind. Ct. App. 1999). The trial court will be reversed only if its judgment is clearly against the logic and effect of the facts and the reasonable inferences to be drawn from those facts. *Id*. A party challenging a trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. *Wanner v. Hutchcroft*, 888 N.E.2d 260 (Ind. Ct. App. 2008).

Ind. Code Ann. § 31-15-7-4 (West, Westlaw current through June 29, 2013, excluding P.L. 205-2013), provides that in a dissolution of marriage action the court shall divide the property in a just and reasonable manner. Furthermore, I.C. § 31-15-7-5 (West, Westlaw

4

statutes and constitution are current through June 29, 2013, excluding P.L. 205-2013) provides the court shall presume an equal division of the marital property is just and reasonable but further provides the presumption may be rebutted by a party who presents relevant evidence. I.C. § 31-15-7-5 provides that the following factors are relevant to a trial court's decision to deviate from the presumptive 50-50 split:

1. The contribution of each spouse to the acquisition of the property regardless of whether the contribution was income producing;
2. The extent to which the property was acquired by each spouse before the marriage or through inheritance or gift;
3. The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such period as the Court considers just to the spouse having custody of any children;
4. The conduct of the parties during the marriage as related to the disposition or dissipation of their property;
5. The earning or earning ability of the parties as related to
     (A) a final division of property; and
     (B) a final determination of the property rights of the parties.

The trial court awarded Wife an amount significantly greater than the presumptive 50-50 split, and Husband contends the court abused its discretion in doing so. The trial court entered special findings pursuant to Ind. Trial Rule 52(A). When reviewing a challenge to the court's division of marital property in a dissolution action, we determine whether the evidence supports the findings, and then whether the findings support the judgment. *Breeden v. Breeden*, 678 N.E.2d 423 (Ind. Ct. App. 1997). The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *Id.*

Husband contends that the trial court ignored evidence of factors pertinent to the

5

division of marital assets and liabilities, erred in its findings that Wife delayed career opportunities, and erred in finding Husband's career opportunities are far greater than Wife's. Husband's argument regarding allegedly ignored evidence is an invitation for us to reweigh the evidence and reassess the credibility of the witnesses' testimonies, which we do not do. *Fuehrer v. Fuehrer*, 651 N.E.2d 1171 (Ind. Ct. App. 1995). Also, Husband argues Wife did not delay career opportunities, and his earning capacity did not greatly outweigh Wife's. To the contrary, the record supports Wife's contention that her educational pursuit was cut short. Also, according to the record, Wife's career opportunities ceased when she became a homemaker and a caretaker for the couple's children. The record also supports Wife's contention that Husband maintained superior earning power, and even though he might have been demoted, he received the same salary and benefits associated with his previous position. Therefore, the trial court's findings in this regard were not clearly erroneous.

In the present case, the trial court concluded that Wife rebutted the presumption that equal division was just and reasonable. The court gave consideration to Husband's earning capacity, his guaranteed future income from stock holdings in the company he worked for, and his economic circumstances at the time of the dissolution. The trial court also considered Wife's status as a homemaker during the marriage, her lack of education and earning potential, and her economic circumstances. In light of these findings, which are clearly supported by the record, the trial court did not abuse its discretion regarding the division of marital assets.

2.

Next, Husband argues that the trial court erred in including certain assets and liabilities in the marital pot. All marital property, including property owned by either spouse before marriage, goes into the marital pot for division. *O'Connell v. O'Connell,* 889 N.E.2d 1 (Ind. Ct. App. 2008*).* While the trial court may ultimately determine a particular asset should be awarded to one spouse, it must first be included in the marital pot for consideration of division. *Id.* Only property acquired by an individual spouse after the final separation date is excluded from the marital estate. *Thompson v. Thompson*, 811 N.E.2d 888 (Ind. Ct. App. 2004)

Husband argues 1,538 shares of ARLP stock issued to him by Alliance Coal should not be considered a marital asset because it was not vested on the date of separation. According to the record, Husband received the stock with a three-year vesting period, and the stock would become fully vested on January 1, 2012, but during the preceding two years of his employment at Alliance Coal, Husband received dividends from the stock in question and also paid income tax on the dividends. Husband filed his petition for dissolution of marriage on November 4, 2011, and 1,583 shares of ARLP stock would fully vest on January 1, 2012.

The trial court found that all 1,538 shares of ARLP stock, which had a value of $94,980, should be included in the marital assets. The trial court relied on Husband's testimony explaining that although the stock had not yet vested, he received dividends or distribution-equivalent rights for two years prior to the stock becoming fully vested. In *Henry v. Henry*, 758 N.E.2d 991 (Ind. Ct. App. 2001), husband's stock options were

7

considered to have matured such that he could have exercised them and converted the options to cash prior to the final hearing. The husband's stock in *Henry* was limited to certain circumstances of forfeiture, including termination of employment, but the options were not forfeitable upon husband's death or disability. *Id.* Similarly, Husband received dividends from the stock options in question for two years prior to separation, was required to pay taxes on said dividends, and could only be relieved of the stock through termination of employment. Therefore, the trial court did not abuse its discretion by including 1,538 shares of ARLP stock in the marital assets because Husband had control over them during the marriage.

Husband also argues that the trial court abused its discretion by including Husband's $90,000 bonus with a net value of $62,000, received in February 2012, in the marital assets subject to distribution. Husband argues on appeal that the bonus received was for future work, future achievements, and for employee retention. Husband therefore argues that the bonus should not be included in the marital estate because it was not yet completed at the time of separation. We disagree. Evidence introduced by Husband, in the form of a correspondence from Alliance Coal explaining the compensation schemes, directly conflicts with his contention that the bonus received was not for the previous year but for the upcoming year. Exhibit 2 states:

> In determining individual awards under the Short Term Incentive Plan (STIP), the Compensation Committee considers its assessment of the individual's performance, comparative compensation data of companies in our peer group, and the recommendations of the President and Chief Executive Officer. The compensation expense associated with STIP awards is recognized in the year earned, with cash awards payable in the first quarter of the following calendar year.

*Husband's Exhibit Volume* at 122.

This evidence is sufficient to support the trial court's inclusion of the bonus in the marital pot.

Husband also contends that certain liabilities should not have been included in the debts to be divided. Husband specifically asserts the trial court abused its discretion by ordering him to pay $8,000 in credit card debt he contends was acquired after separation by Wife alone. To the contrary, Wife testified that "mostly all" of the credit card debt was incurred before Husband moved out, and the majority of the debt was incurred due to buying items for the children. 8/27/2012 Transcript at 205. Therefore, the trial court did not abuse its discretion by including $8,000 in credit card debt in the marital pot. *See Perkins v. Harding*, 836 N.E.2d 295 (Ind. Ct. App. 2005) (holding debt that was incurred jointly and acquired before the date of separation is included in the marital pot).

In addition, Husband contends, for the first time on appeal that tax liabilities concerning his AHGP stock should have been included in the marital pot. We will not consider this issue; issues not raised at the trial court are waived on appeal. *Cavens v. Zaberdac*, 849 N.E.2d 526 (Ind. Ct. App. 2006)[1].

---

[1] Husband also argues the trial court abused its discretion by awarding Wife attorney fees. We will not review this issue due to Husband's failure to make a cogent argument. Husband failed to cite a statute or any authority to substantiate his claim. "It is well settled that we will not consider an appellant's assertion on appeal when he has failed to present cogent argument supported by authority and references to the record as required by the rules." *Thackel v. Wentzel*, 797 N.E.2d 342 (Ind. Ct. App. 2003). Moreover, Ind. Code Ann. § 31-15-7-5 (West, Westlaw current through June 29, 2013, excluding P.L. 205-2013), provides that in a dissolution of marriage action, a court may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding in the action. The trial court must consider the resources of the parties, their economic conditions, the ability of the parties to engage in gainful employment, their ability to

3.

Finally, Husband argues that the trial court abused its discretion by granting rehabilitative maintenance to Wife. A trial court may award only "three, quite limited" varieties of post-dissolution maintenance: spousal incapacity maintenance, caregiver maintenance, and rehabilitative maintenance. *Zan v. Zan*, 820 N.E.2d 1284, 1287 (Ind. Ct. App. 2005). A court may order rehabilitative maintenance for no more than three years if it finds that a spouse needs support while acquiring sufficient education or training to get an appropriate job. *Zan v. Zan,* 820 N.E.2d 1287. Trial courts are vested with broad discretion in the area of denying or granting rehabilitative maintenance. *Pham v. Pham*, 650 N.E.2d 1212 (Ind. Ct. App. 1995). The trial court does not abuse its discretion in awarding rehabilitative spousal maintenance if the Court has made findings pursuant to Ind. Code Ann. § 31-15-7-2 (West, Westlaw current through June 29, 2013, excluding P.L. 205-2013). *Lloyd v. Lloyd*, 755 N.E.2d (Ind. Ct. App. 2001). Moreover, this court will not reweigh the evidence but will consider the evidence in a light most favorable to the judgment. *Id*. I.C. § 31-15-7-2(3), provides that a Court may make certain findings regarding maintenance when considering:

A. The educational level of each spouse at the time of the marriage and at the time the action was commenced.
B. Whether an interruption in the education, training or employment of a spouse who is seeking maintenance occurred during the marriage as a result of the homemaking, childcare, or both.

---

earn adequate income and other factors pertinent to the reasonableness of the award. *Id*. Due to the evidence in the record satisfying I.C. § 31-15-7-5, the trial did not abuse its discretion.

C. The earning capacity of each spouse, including educational background, training, employment skills, work experience, and length of presence in or absence from the job market.

D. The time and expense necessary to acquire sufficient education or training to enable the spouse who is seeking maintenance to find appropriate employment.

The trial court made specific findings pursuant to the statute. According to the record, Wife stopped attending college and stopped seeking employment and professional advancement due to the children being born and Husband's career advancement. Also, Husband's earning capacity, educational background, and duration in the job market greatly outweighed Wife's prospects at the time of the final hearing. Therefore, we conclude the trial court did not abuse its discretion by awarding rehabilitative maintenance.

We affirm.

ROBB, C.J., and CRONE, J., concur.