**In re the Marriage of Lorraine K. LULAY, Appellant–Respondent,**

**v.**

**Bernard R. LULAY, Appellee–Plaintiff.**

**No. 32A01–9105–CV–156.**

Court of Appeals of Indiana, First District.

May 14, 1992.

Lynden Dianne Schmidt, Indianapolis, Ind., Paul G. Bradshaw, Peoria, Ill., for appellant.

Douglas W. Meyer, Elmendorf, Meyer & Freese, Plainfield, Ind., for appellee.

## MODIFICATION OF OPINION

BAKER, Judge.

In our previous opinion *Lulay v. Lulay* (1991), Ind.App., 583 N.E.2d 171, we stated in Issue II that the trial court properly excluded Bernard's military disability pension and part of his Caterpillar pension from the marital pot. *Id.* at 174. We reached this conclusion because the military pension vested in Bernard before he married Lorraine, and Lorraine did not invest her efforts to help Bernard acquire his interest. *Id.* Similarly, some of the value of the Caterpillar pension accumulated before Bernard and Lorraine were married. The trial court excluded from the marital pot that value which accumulated before the marriage. Closer scrutiny of the applicable statutes reveals it was error to exclude the pensions from the marital pot, but the error was harmless.

■ IND.CODE 31-1-11.5-11(b) provides that in a dissolution of marriage action, "the court shall divide the property of the parties...." IND.CODE 31-1-11.5-2(d) defines "property" as:

[A]ll the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage. (footnotes omitted).

It was undisputed Bernard's military disability pension vested prior to the dissolution, and in fact vested prior to the Lulays' marriage. As well, the Lulays were still married when the entire Caterpillar pension vested in Bernard. The pensions were therefore "property" as defined in IND. CODE 31-1-11.5-2(d). This court recently stated that "the 'one pot' theory of Section 11.5(b) specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award." *Huber v. Huber* (1992), Ind.App., 586 N.E.2d 887, 889 (citation omitted). Because the military disability and Caterpillar pensions were "property," it was erroneous to exclude them from the marital pot. Pursuant to our inherent power to modify our own opinions, *Allen v. State* (1980), Ind.App., 408 N.E.2d 122, 122, we retract the statement in our earlier opinion that "the trial court properly excluded [Bernard's pensions] from the marital pot." *Lulay, supra,* at 174.

■ Although the trial court erred when it excluded Bernard's pensions from the Lulays' marital pot, the error was harmless. The division of marital property has traditionally been a matter for the trial court's sound discretion. *In re Davidson* (1989), Ind.App., 540 N.E.2d 641, 645. To guide the trial court's division of property, the legislature enacted IND.CODE 31-1-11.5-11(c), which provides, in relevant part:

The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

. . . .

■ When deviating from the presumption that an equal division is just and reasonable, the trial court must enter findings explaining why it awarded an unequal

division of property. *In re Davidson, supra,* at 646. Here, the trial court stated it awarded Bernard the entire military disability pension and some of the Caterpillar pension because Lorraine made no contributions enabling him to acquire his vested interests. The trial court should have included the pensions in the marital pot, and then, in its sound discretion, it could have awarded the pension interests to Bernard pursuant to IND.CODE 31–1–11.5–11(c)(1). Although this would have resulted in an unequal division of the marital property, the trial court explained satisfactorily why it awarded Bernard the pensions. Accordingly, the court satisfied the requirement that it explain why an equal division would not be just and reasonable. *See In re Davidson, supra.*

Because excluding the pensions from the marital pot was harmless error in this case, our modifications do not alter the property division ordered by the trial court. In all other things we adhere to the rationale set out in our previous opinion.

Judgment affirmed.

RATLIFF, C.J., and RUCKER, J., concur.