**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE:

**ERIK H. CARTER**
Cordell & Cordell
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MARILYN SOUTH,                    )
                                  )
    Appellant-Petitioner,         )
                                  )
      vs.                         )    No. 15A01-1306-DR-251
                                  )
HARRY SOUTH,                      )
                                  )
    Appellee-Respondent.          )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally Blankenship, Judge
Cause No. 15D02-1109-DR-218

**January 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Marilyn South (Wife) appeals from the trial court's order dissolving her marriage to Harry South (Husband) and dividing the marital assets. Wife raises the following issues on appeal:

1. Did the trial court abuse its discretion in evenly dividing the marital estate?

2. Did the trial court abuse its discretion in valuing certain assets?

We affirm.

Husband and Wife were married in 1969. In 2004, Wife's mother died and Wife inherited oil and gas rights in three pieces of real estate in West Virginia. Wife filed a petition for dissolution in September 2011, and Husband filed a counter-petition for dissolution the next month. Husband and Wife divided a large portion of the marital estate by agreement, but were unable to reach an agreement with respect to, among other things, Wife's oil and gas rights. Wife argued that the oil and gas rights should be set aside to her even if it resulted in an unequal distribution of the marital estate and further disputed Husband's valuation of those rights. The matter went to a final hearing on March 28, 2013. The trial court took the matter under advisement and, on May 10, 2013, issued its final order disposing of all issues. In relevant part, the order included the oil and gas rights in the marital estate and adopted Husband's valuation thereof. Wife now appeals.

The trial court in this case entered findings of fact and conclusions of law pursuant to Ind. Trial Rule 52(A). Accordingly, our standard of review is two-tiered: first, we determine whether the evidence supports the findings and, second, whether the findings support the judgment. *Marion Cnty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213 (Ind. 2012). We

2

view the evidence in the light most favorable to the judgment and defer to those findings if they are supported by the evidence or any legitimate inferences flowing therefrom. *Id.* Legal conclusions, on the other hand, are reviewed de novo. *Id.*

1.

Wife first argues that the trial court abused its discretion in evenly dividing the marital estate. Specifically, Wife argues that the trial court should have awarded the inherited oil and gas rights to her alone, and then split the remaining undivided assets, presumably evenly. We review a challenge to the trial court's division of marital property for abuse of discretion, and we consider only the evidence favorable to the judgment. *Capehart v. Capehart*, 705 N.E.2d 533 (Ind. Ct. App. 1999). The trial court will be reversed only if its judgment is clearly against the logic and effect of the facts and the reasonable inferences to be drawn therefrom. *Id.* A party challenging a trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. *Wanner v. Hutchcroft*, 888 N.E.2d 260 (Ind. Ct. App. 2008).

"In Indiana, it is well-established that all marital property goes into the marital pot for division, whether it was owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to the parties' final separation, or acquired by their joint efforts." *Trabucco v. Trabucco*, 944 N.E.2d 544, 553 (Ind. Ct. App. 2011), *trans. denied*. Although a trial court may ultimately determine that a particular asset should be awarded to one spouse, it must first include the asset in the marital estate to be divided. *Trabucco v. Trabucco*, 944 N.E.2d 544. Ind. Code Ann. § 31-15-7-4 (West, Westlaw current through

3

2013 1st Reg. Sess. & 1st Reg. Technical Sess.), provides that in a dissolution of marriage action the court shall divide the marital property in a just and reasonable manner. Furthermore, I.C. § 31-15-7-5 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.) provides the court shall presume an equal division of the marital property is just and reasonable, but further provides the presumption may be rebutted by a party who presents relevant evidence. I.C. § 31-15-7-5 lists the following factors relevant to a trial court's decision to deviate from the presumptive 50-50 split:

1. The contribution of each spouse to the acquisition of the property regardless of whether the contribution was income producing;
2. The extent to which the property was acquired by each spouse before the marriage or through inheritance or gift;
3. The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such period as the Court considers just to the spouse having custody of any children;
4. The conduct of the parties during the marriage as related to the disposition or dissipation of their property;
5. The earning or earning ability of the parties as related to
   (A) a final division of property; and
   (B) a final determination of the property rights of the parties.

In this case, the trial court found that a 50-50 split of the marital property was just and equitable. Wife argues that the trial court's adherence to the statutory presumption in favor of an equal division of marital property was an abuse of discretion because she received her interests in the oil and gas rights to the West Virginia properties through an inheritance from her mother. Although I.C. § 31-15-7-5 might allow the trial court to deviate from the presumptive 50-50 split under these circumstances, it certainly does not mandate that result. Wife acknowledges as much, but argues that the trial was required to do so here because it

excluded from the marital estate other property Wife inherited from her mother. Specifically, Wife argues that the trial court set aside to her a "cell phone tower" located on one of the West Virginia properties. *Appellant's Brief* at 12. According to Wife, "[i]t is incongruous to set aside the cell tower to Wife and not the mineral rights when all of this came to her at the same time, from the same decedent and from the same inheritance." *Id.*

We disagree with Wife's characterization of the trial court's order. The trial court had the following to say about the cell tower:

> The value of the rental for the cell tower on one of the West Virginia properties is not a marital asset and the Court does not consider the continuation of the rental payments divisible marital property. However, [Wife] will be attributed $862.50 for rental payment received in 2012.

*Appellant's Appendix* at 9. Thus, it is clear to us that the trial court did not "set aside the cell tower to Wife." Instead, the trial court concluded that, unlike Wife's present interests in the West Virginia properties themselves (which were included in the marital estate and ultimately awarded to Wife), the future rental income Wife will receive from the cell tower located on one of those properties is not a marital asset subject to division. In any event, even if the future rental income was a marital asset that the court set aside to Wife on the basis that she received it as part of an inheritance, Wife has cited no authority suggesting that the trial court would consequently be required to set aside to Wife the entirety of the inheritance, especially where doing so would result in an unequal division of the marital estate. The trial court did not abuse its discretion by adhering the statutory presumption in favor of an equal division of marital assets.

2.

Next, Wife argues that the trial court abused its discretion in valuing her oil and gas interests in the West Virginia properties. The trial court has broad discretion in determining the value of property in a dissolution action, and its valuation will be disturbed only for an abuse of that discretion. *Trabucco v. Trabucco*, 944 N.E.2d 544. A trial court does not abuse its discretion in this regard if its decision is supported by sufficient evidence or reasonable inferences flowing therefrom. *Id.* In reviewing the trial court's valuation of marital assets, we will view the evidence in a light most favorable to the judgment, without reweighing the evidence. *Id.* "If the trial court's chosen valuation is within the range of values supported by the evidence, the court does not abuse its discretion." *Balicki v. Balicki*, 837 N.E.2d 532, 536 (Ind. Ct. App. 2005), *trans. denied*.

In this case, Husband employed Robert N. Hart, an expert appraiser, to determine the fair market value of Wife's gas and oil interests. Hart's appraisal report, as well as a transcript of his deposition testimony, were admitted into evidence by stipulation of the parties. Hart's lengthy report contained detailed information concerning the highly specialized and technical process of calculating the fair market value of Wife's oil and gas rights. Hart concluded that as of November 1, 2012, Wife's oil and gas interests in the West Virginia properties had a fair market value of $111,300.00. The trial court accepted this valuation.

On appeal, Wife makes a number of assertions concerning the reliability of Hart's appraisal. We note, however, that Wife did not object to Hart's qualifications as an expert

witness or to the admissibility of his expert opinion concerning the current fair market value of Wife's interests in the properties. Indeed, Wife stipulated to the admission of Hart's appraisal report and deposition testimony. This court has explained that in order to "preserve an alleged error based on the admission of, or reliance upon, an expert's opinion the party seeking to prevent the court's reliance on the opinion testimony must challenge the evidence prior to or during the trial and seek to have it excluded in accordance with Indiana Evidence Rule 702(b)." *Lees Inns of Am., Inc. v. William R. Lee Irrecovable Trust*, 924 N.E.2d 143, 155 (Ind. Ct. App. 2010), *trans. denied*. Because Wife did not object to the admission of Hart's appraisal at trial, she has waived any right to challenge the trial court's reliance on the report on appeal. We therefore decline to address Wife's contentions concerning the reliability of Hart's appraisal. *See Plank v. Cmty. Hosp. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) (noting that "[d]eclining to review an issue not properly preserved for review is essentially a 'cardinal principal of sound judicial administration'") (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868 (1991)). Because the trial court accepted a valuation supported by the evidence, it did not abuse its discretion in valuing Wife's interests in the West Virginia properties.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.