## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 07 2015, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Daniel J. Moore
Laszynski & Moore
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Elizabeth B. Searle
Ball Eggleston PC
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Adena Vanderwielen,

*Appellant-Cross-Appellee,*

v.

Adam Vanderwielen,

*Appellee-Cross-Appellant*

May 7, 2015

Court of Appeals Case No.
79A05-1407-DR-330

Appeal from the Tippecanoe Circuit Court.
The Honorable Donald L. Daniel, Judge.
Cause No. 79C01-1302-DR-24

**Baker, Judge.**

[1] Adena Vanderwielen (Wife) appeals the trial court's property distribution order in the dissolution of her marriage to Adam Vanderwielen (Husband). She argues that the trial court erred when it unequally divided the assets and excluded marital debt from the property distribution. Husband cross-appeals, arguing that the trial court erred when it calculated the amount of debt associated with the Indiana marital residence. Finding that the trial court issued an inconsistent order that improperly excluded marital debt from the marital estate and erroneously valued the marital residence, we reverse and remand.

## Facts

[2] Husband and Wife were married on June 21, 1997, and the marriage produced four children.[1] Wife filed her petition for legal separation on February 13, 2013, and she filed her petition for dissolution of marriage on March 7, 2013. On March 11, 2014, the trial court held a hearing to determine, among other things, the division of property. The trial court requested proposed findings from the parties, and, on April 25, 2014, the trial court issued its order and decree.

[3] In the April 25 order, the trial court made the following relevant sua sponte findings:

---

[1] The parties do not appeal the portion of the trial court's order regarding the children.

7. Husband is employed as a school teacher and earns $35,932 per year or $691.00 gross per week.

8. Finding that shortly after the Petition for Dissolution was filed in this cause, the Wife was terminated from her employment at Wabash Valley Alliance. Since said termination, the wife secured unemployment compensation for a period of time, over the objection of her former employer, and has also entered into a confidential settlement with her former employer that compensat[ed] her to some extent for the termination. The Court notes that said settlement shall not be part of the property settlement in this case. The husband requests that the Court find the wife is voluntar[ily] unemployed or under-employed. The Court declines to make such a finding. The Wife has regularly pursued new employment since her wrongful termination and presented evidence of employment application for approximately nine (9) months. The Court also finds that the Wife is dealing with anxiety and depression issues. The Court will attribute minimum wage earnings to the wife.

* * *

17. The parties owned property located at 12 Parkway Creek Dr. Asheville, NC 28803. The property was subject to three outstanding loans: (a) Bank of America Mortgage; (b) Mortgage owed to Wife's father; and (c) Bank of America home equity loan. Wife received the rents generated from this property while this matter has been pending but failed to maintain the minimum monthly payments on the above outstanding indebtedness. As a result, Wife's father foreclosed upon his mortgage and was awarded a foreclosure deed to the property. Wife testified that her father paid off the first mortgage with Bank of America but presented no pay off documentation. To the extent that there is any remaining indebtedness owed on the Bank of America first mortgage, Wife shall assume and hold Husband harmless upon said indebtedness. Furthermore, Wife shall assume and hold Husband harmless upon the outstanding Bank of America home equity indebtedness in the sum of $29,749.

* * *

23. The 2245 Huron Road, West Lafeyette property shall be set over to the Husband at a zero ($0.00) value. The parties agreed on the fair-market value of the marital residence being set over to the Husband as One Hundred Thirty Thousand Dollars ($130,000). Since the parties'

separation, the Husband has placed Five Thousand Dollars ($5,000) on a Discover credit card to repair the roof on the marital residence. The Husband is requesting that the Court place a negative value on the 2245 Huron Road property of Five Thousand Seven Hundred Twenty-Eight Dollars ($5,728) because the Husband claims the indebtedness on the property is One Hundred Thirty-Five Thousand Seven Hundred and Twenty-Eight Dollars ($135,728). The Court declines to attribute Five Thousand Seven Hundred Twenty-Eight Dollars ($5,728) dollars of debt on said property. The Husband added at least Five Thousand Dollars ($5,000) of value to the property after the date of filing by the roof repair and the Court puts the value of the property at zero (0.0). In addition, the Court declines to include the Five Thousand Dollars ($5,000) of debt on the Menards credit card as part of the marital indebtedness since it was incurred after the date of filing.

24. During the marriage, the Wife incurred student loans in order to obtain her master's degree and Ph.D. degree in psychology. Upon completion of her degree, she earned between $60,000 and $70,000 per year as a psychologist. The outstanding balance of the student loans at the time of the filing of this action was $63,789.00. Husband estimates that 25% of that balance, or $15,947.00 was used to defray household expenses and the remaining balance was applied to Wife's tuition and the actual cost of education. The court find that the student loans contributed to Wife's greater earning capacity than the Husband. The enhanced earning ability of a degree-earning spouse may certainly be considered in making a division of the marital assets per I.C. § 31-15-7-5. *See Roberts v. Roberts*, 670 N.E.2d 72, 76-77 (Ind. Ct. App. 1996); *Pernatt v. Stevens*, 598 N.E.2d 616 (Ind. Ct. App. 1992). Accordingly, the court finds that [] in order to achieve an equitable balance of the marital property, Wife is ordered to assume the outstanding balance of her student loan and hold Husband harmless thereon.

25. The Court determines the marital estate and liabilities consist of the following and it should be equally divided:

WIFE

| | |
|---|---|
| Wife's Merrill Lynch IRA | $6,114.54 |
| Wife's Merrill Lynch IRA | $14,159.69 |
| Wife's Laccera | $27,764.64 |
| Wife's Wabash Valley IRA | $13,318.00 |

| | |
|---|---|
| 2009 Toyota Prius | $9,078.00 |
| Personal Property | $6,035.00 |
| [Child's] Oral Surgery | ($565.60) |
| Student Loans | ($63,789.01) |
| Joint ATT Universal card | ($2,006.72) |
| TOTAL | $10,111.52 |

| HUSBAND | |
|---|---|
| Husband's INPRS Teachers Retirement | $2,818.16 |
| Husband's Merrill Lynch Wealth Mgmt. IRA | $8,385.52 |
| Husband's Merrill Lynch Wealth Mgmt. IRA | $16,687.40 |
| 2006 Toyota Sienna | $6,814.00 |
| 1994 Dutchman | $6,500.00 |
| Personal Property | $8,650.00 |
| [Child's] Oral Surgery | ($120.00) |
| Joint World Points | ($14,384.53) |
| Husband's Discover[y]Card | ($597.74) |
| TOTAL | $34,752.81 |

To equalize the property settlement, the Husband shall pay to the Wife the sum of Twelve Thousand Ninety-seven and 85/100 Dollars ($12,097.85).

Appellant's App. p. 41-48.

[4] On May 21, 2014, Husband filed his motion to correct error. He made two requests relevant to this appeal in that motion: 1) that the trial court find that the marital residence should be given a negative value in the amount of $5,728.00; and 2) that the trial court use only the amount of Wife's student loans used to defray household expenses to equalize the assets and the debt. On May 23, 2014, Wife filed her motion to correct error, which requested only

that the trial court consider the $29,749 of indebtedness (Bank of America Debt) assigned to her as a result of the foreclosure of the North Carolina residence as mutual indebtedness and consider it in its division of the marital estate.

[5] On June 3, 2014, the trial court held a hearing on the parties' motions to correct error. On June 19, 2014, the trial court issued an amended order and degree granting, in part, Husband's motion to correct error and denying Wife's motion to correct error. In the amended order, the trial court included only a portion of Wife's student loan debt in the marital estate. As in the original order, the trial court found that the marital estate should be divided equally. The amounts Husband and Wife received also changed. Under the original order and decree, Wife received approximately negative $7,500 and Husband received approximately $22,600. Under the amended order and decree, Wife receives approximately negative $31,200 and Husband receives approximately $46,300. Wife now appeals and Husband cross-appeals.

# Discussion and Decision

[6] Wife argues that the trial court erred in excluding marital debt from the marital estate and in ordering an unequal division of the estate. She argues that the trial court erred regarding the North Carolina property and maintains that it should have divided the Bank of America Debt equally and included that debt in the marital estate. In addition, she argues that the trial court erred when it excluded all but $15,947 of her student loan debt from the marital estate and determined that she had a higher earning potential than Husband. Husband

argues that the trial court erred when it found the marital residence to have a value of zero.

# I. Standard of Review

Where, as here, the trial court issues findings of fact sua sponte, the specific findings control only the conclusions they cover, while a general judgment standard applies to any issue on which the court has not entered findings. *Scoleri v. Scoleri*, 766 N.E.2d 1211, 1215 (Ind. Ct. App. 2002). In reviewing the judgment, we will determine if the evidence supports the findings, and then, whether those findings support the conclusion and judgment. *Id.* This Court will only reverse a judgment when it is shown to be clearly erroneous. *Dewbrew v. Dewbrew*, 849 N.E.2d 636, 640 (Ind. Ct. App. 2006). In determining the validity of the findings or judgment, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn from that evidence; we do not reweigh the evidence or assess the credibility of witnesses. *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* A general judgment may be affirmed on any theory supported by the evidence presented at trial. *Id.*

## II. Marital Debt and Estate Distribution

[8]     Wife argues that the trial court erred when it excluded the Bank of America Debt and the majority of her student loan from the marital estate.[2]  She argues that, in excluding these debts from the marital estate, the trial court violated the "one-pot" theory articulated in *Thompson v. Thompson*, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004).  In *Thompson*, this Court explained the "one-pot" theory as follows:

> The division of marital property in Indiana is a two-step process.  The trial court must first determine what property must be included in the marital estate.  Included within the marital estate is all the property acquired by the joint effort of the parties.  With certain limited exceptions, this "one-pot" theory specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award.  Only property acquired by an individual spouse after the final separation date is excluded from the marital estate.

*Id*. (internal citations removed).  Wife contends that the trial court failed to follow the first step of the process as outlined in *Thompson* when it allocated marital debts—the Bank of America Debt and her student loan—specifically to Wife and then failed to include these debts in the marital estate.

[9]     Wife also argues that this exclusion results in an inconsistent order and decree and an unequal distribution of the assets.  In *Thompson*, this Court also explained how the trial court is to divide the marital estate: "[a]fter determining

---

[2] Husband does not argue that the Bank of America Debt or Wife's student debts are not marital debts.  His brief concedes that the trial court distributed the property unequally.  His argument is that the trial court was correct in its distribution of property and any error in excluding the debts from the property is harmless.

what constitutes marital property, the trial court must then divide the marital property under the presumption that an equal split is just and reasonable. If the trial court deviates from this presumption, it must state why it did so." *Id*. at 912-13. (internal citations removed). Wife points us to finding twenty-five of the trial court's order and decree, in which it adhered to the presumption that an equal split was just and reasonable and found that that marital estate "should be equally divided." Appellant's App. p. 68. She argues that the trial court's order is inconsistent because it states that the marital estate should be divided equally, but then fails to include the Bank of America Debt and her student loan debt in the marital estate.

[10] It is within the discretion of the trial court to order an unequal division of property. Indiana Code section 31-15-7-5 provides:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> > (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
> >
> > (2) The extent to which the property was acquired by each spouse:
> >
> > > (A) before the marriage; or
> > >
> > > (B) through inheritance or gift.
> >
> > (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to

> dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
>> (A) a final division of property; and
>>
>> (B) a final determination of the property rights of the parties.

Therefore, if the trial court finds that an unequal distribution is justified, it "must enter findings explaining why it awarded an unequal division of property." *Lulay v. Lulay*, 591 N.E.2d 154, 155-56 (Ind. Ct. App. 1992).

[11] In addition, as Husband points out, even in cases where trial courts have erroneously excluded assets from the marital estate, we have affirmed the property division when the error was harmless. Husband directs us to *Helm v. Helm*, in which a panel of this court upheld a trial court's division of property when the trial court had erroneously excluded lottery payments from the marital estate but the error was harmless. 873 N.E.2d 83, 90 (Ind. Ct. App. 2007). In finding harmless error, we determined that "the trial court otherwise satisfied the requirements of Indiana Code section 31-15-7-5 and its reasons for awarding a greater share to [the husband] fully justify the unequal division." *Id.*

[12] However, in the instant case, the trial court issued an order that is internally inconsistent. The trial court in *Helm* excluded assets from the marital estate and found than an unequal division was warranted. *Id.* at 90. Here, the trial court excluded marital debts from the marital pot and also explicitly stated that it found that the marital estate should be divided equally. We cannot reconcile

this contradiction and, therefore, we cannot discern what the trial court intended. Further, we note that the findings supporting the original order and decree and the findings supporting the amended order and decree are almost identical. Yet, the orders have drastically different outcomes. Under the original order and decree, Wife received approximately negative $7,500 and Husband received approximately $22,600. Under the amended order and decree, Wife receives approximately negative $31,200 and Husband receives approximately $46,300. As noted above, it is within the trial court's discretion to order an unequal division of property, and the trial court may determine that an unequal division of the marital estate is justified in the instant case. Ind. Code § 31-15-7-5. However, as we cannot discern the intent of the trial court, we remand the case with instructions to include the Bank of America Debt and Wife's entire student loan debt in the marital estate and divide the estate within its discretion.

## III. Value of the Marital Residence

[13] In his cross-appeal, Husband argues that the trial court erred when it calculated the amount of debt associated with the Indiana marital residence. As noted above, the trial court determined that the marital residence would have a value of zero.

[14] The record shows that the parties agreed the value of the residence would be $130,000. Tr. p. 200. Husband and Wife agreed that the loans on the home were in the approximate amounts of $94,000 and $41,195.33. Appellee's App.

p. 26. Therefore, Husband argues that the evidence before the trial court indicated that the house should have had a negative value of approximately $5,000.

[15] Husband argues that the trial court confused the cost of some home repairs Husband made to the property after the separation with the actual negative equity in the home. It appears from the record that such confusion may have occurred. In its finding regarding the marital residence, the trial court stated:

> Since the parties' separation, the Husband has placed Five Thousand Dollars ($5,000) on a Discover credit card to repair the roof on the marital residence. The Husband is requesting that the Court place a negative value on the 2245 Huron Road property of Five Thousand Seven Hundred Twenty-Eight Dollars ($5,728) because the Husband claims the indebtedness on the property is One Hundred Thirty-Five Thousand Seven Hundred and Twenty-Eight Dollars ($135,728). . . . The Husband added at least Five Thousand Dollars ($5,000) of value to the property after the date of filing by the roof repair and the Court puts the value of the property at zero (0.0).

Appellant's App p. 67. However, both Husband and Wife stated that the equity in the home was approximately negative $5,000, a value which had nothing to do with home repairs made subsequent to the separation. We cannot tell if the court has confused these amounts, and all the evidence in the record suggests that the value of the home was approximately negative $5,000. Therefore, we reverse and order that the trial court value the Indiana marital residence at negative $5,195.33.

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

Najam, J., and Friedlander, J., concur.