**Terry L. GRANZOW, Appellant,**

v.

**William L. GRANZOW, Appellee.**

**No. 64A05–0511–CV–637.**

Court of Appeals of Indiana.

Oct. 23, 2006.

Jeffrey J. Shaw, Law Office of Jeffrey J. Shaw, Valparaiso, IN, Attorney for Appellant.

Steven W. Handlon, Michael C. Handlon, Handlon & Handlon, Portage, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Terry Granzow ("Wife") appeals from the trial court's Order on Pension, which was entered in the proceeding that dissolved her marriage to William L. Granzow ("Husband"). Wife raises two issues for review, namely:

1. Whether the trial court erred when it determined the portion of Husband's pension that was marital property subject to division.
2. Whether the trial court abused its discretion when it valued Husband's pension.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Wife and Husband were married on October 23, 1983. At that time, Husband had worked for U.S. Steel Corporation ("USX") for nine and one-half years, and Wife was a bookkeeper. Husband continued to work for USX throughout the marriage. No children were born during the marriage.

On August 1, 2003, Husband filed a petition for dissolution of marriage. On February 4, 2004, the trial court entered a decree dissolving the parties' marriage and approved a partial settlement agreement ("the Agreement"). Under the Agreement, the parties reserved for a future hearing issues regarding the division of Husband's pension, the division of proceeds from the sale of the marital residence, and Wife's request for attorney's fees.

On February 25, 2004, Husband reached his thirty-year employment anniversary with USX. Husband retired from USX on March 31, 2004, and elected a lump sum enhancement to his pension benefits. On May 4, 2005, there was a hearing before a magistrate regarding the division of Husband's pension. At the hearing, Husband presented evidence that the present value of his pension as of the date the petition for dissolution was filed was $101,215. There was also evidence that Husband's pension entitlement became enhanced once he had worked for USX for thirty years and that the enhanced pension, when paid in a lump sum, was valued at $371,566 ("enhanced pension").

On July 1, 2005, the trial court approved the magistrate's Order on Pension, finding:

> [T]he enhancement portion of the pension is not a marital asset subject to division. The enhancement was not a vested entitlement when the parties separated in the spring of 2003. The enhancement was not a vested entitlement when their divorce case was filed on August 1, 2003, nor was it a vested entitlement when the parties were divorced on February 4, 2004. The vesting did not occur until February 25, 2004, when [Husband] attained thirty (30) years of service with United States Steel.

Appellant's App. at 3. Wife filed a motion to correct error, which the trial court denied after a hearing. This appeal ensued.

### DISCUSSION AND DECISION

#### Standard of Review

■ We review a challenge to the trial court's division of marital property for

an abuse of discretion. *Wallace v. Wallace,* 714 N.E.2d 774, 779 (Ind.Ct.App. 1999), *trans. denied.* In so doing, we consider only the evidence favorable to the judgment. *Id.* We will reverse the trial court only if its judgment is clearly against the logic and effect of the facts and the reasonable inferences to be drawn from those facts. *Id.*

Pursuant to Indiana Trial Rule 52(A), the dissolution court issued findings of fact and conclusions thereon when it divided the marital estate. When a trial court issues such findings, we apply a two-tiered standard of review. *See Thompson v. Thompson,* 811 N.E.2d 888, 912 (Ind.Ct. App.2004), *trans. denied.* We first determine whether the record supports the findings and, second, whether the findings support the judgment. *Id.* The judgment will only be reversed when clearly erroneous, i.e. when the judgment is unsupported by the findings of fact and the conclusions entered upon the findings. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

### Issue One: Enhanced Pension as Marital Property

■ Wife contends that the trial court erred when it determined that the portion of Husband's pension that was enhanced as a result of his achieving thirty years of service is not marital property. Indiana law provides that, when dividing property in a dissolution proceeding, the court shall include property owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and before the final separation of the parties, or acquired by the joint efforts of the spouses. ·Ind.Code § 31–15–7–4(a). "Property" is defined in part as:

■ all the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

Ind.Code § 31–9–2–98(b). Thus, in order for·pension benefits to be included as marital property, either the benefits must not be forfeited upon termination of employment or the benefits must be vested and payable before or after the dissolution. *In re the Marriage of Nickels,* 834 N.E.2d 1091, 1097 (Ind.Ct.App.2005).

■ Generally, the marital pot closes on the day the petition for dissolution is filed. *Sanjari v. Sanjari,* 755 N.E.2d 1186, 1192 (Ind.Ct.App.2001). The date of filing is defined by statute as the date of "final separation." Ind.Code § 31–9–2–46. Some earlier panels of this court appear to have identified marital property subject to division in dissolution proceedings as of the date of dissolution. *See Wyzard v. Wyzard,* 771 N.E.2d 754, 757 (Ind.Ct.App. 2002) (referring to husband's entitlement to vested pension benefits "at the time of the dissolution order" when reviewing the trial court' valuation of the pension); *Skinner v. Skinner,* 644 N.E.2d 141, 146 (Ind. Ct.App.1994) (holding that "at the time of dissolution, the unvested portion of a pen-

sion plan that is only partially vested is not divisible marital property[;]" equating "date of dissolution" with date of "final separation"); *In re Marriage of Hughes*, 601 N.E.2d 381, 383 (Ind.Ct.App.1992), (holding husband's early retirement supplement "is a pension or retirement benefit which, at the time of the dissolution, [husband] had a right to receive and which would not be forfeited upon termination of his employment."), *trans. denied.* However, Indiana Code Section 31–15–7–4(a)(2)(B) provides that only property acquired by either or both parties before the date of final separation is marital property subject to division in dissolution proceedings. Thus, the determinative date when identifying marital property subject to division is the date of final separation, in other words, the date the petition for dissolution was filed.

To be included as marital property subject to division in dissolution proceedings, pension benefits must, on the date of final separation, not be forfeitable upon the termination of employment or they must be vested, whether payable before or after the dissolution. *See id.; Sanjari*, 755 N.E.2d at 1192. That rule is illustrated by our holding in *Hodowal v. Hodowal*, 627 N.E.2d 869 (Ind.Ct.App.1994), *trans. denied.* There, the parties disputed whether the husband's early retirement subsidy was marital property subject to division. Because the subsidy was to vest nine years after the dissolution proceedings, the trial court took the matter under advisement until the vesting date. On appeal, we held that the husband's "contractual right to an early retirement subsidy ha[d] not accrued incrementally but [would] vest in its entirety, if ever, at one point in time some [nine] years after the date of separation." *Id.* at 873. As a result, we concluded that

the husband's subsidy was "neither vested nor had it become 'not forfeited upon termination' prior to" the date of final separation. *See Kirkman v. Kirkman*, 555 N.E.2d 1293, 1294 (Ind.1990).[1]

Here, Wife does not dispute that Husband completed thirty years of service with USX *after* the final separation date. Rather, Wife claims that the portion of Husband's pension attributable to his thirty-year anniversary with USX is marital property because the "majority of the [thirty-year] service requirement was earned during the marriage." Appellant's Brief at 14. But Wife cites to no Indiana cases holding that a pension enhancement or other asset that accrues or vests after the date of filing should be included in the marital estate subject to division in dissolution proceedings. Indeed, Wife essentially asks us to ignore Indiana Code Sections 31–9–2–98(b) and 31–15–7–4(b), which together provide that the dissolution court shall only divide property owned as of the date the petition is filed. This we cannot do.

As was the case in *Hodowal*, Husband's entitlement to the enhanced pension did not accrue incrementally but vested in its entirety after the final separation date. *See Hodowal*, 627 N.E.2d at 873. Thus, the enhanced pension, namely, the additional amount that vested when Husband reached thirty years of continuous employment with USX, is not marital property as defined under Indiana Code Section 31–9–2–98(b). As a result, the trial court did not err when it determined that the enhanced portion of Husband's pension was not part of the marital pot.

### Issue Two: Valuation of Pension

Wife next contends that the trial court abused its discretion when it de-

---

1. We note that the opinion in *Kirkman* also incorrectly used the date of dissolution as the point on which to identify marital property subject to division. *See* 555 N.E.2d at 1294.

termined the value of Husband's pension. Valuing a pension requires a court to determine "(1) what evidence must be presented to establish the value of the benefit, (2) what date must be used to assign a dollar amount to the benefit, and (3) how much of the benefit's value was the result of contributions made after the final separation date." *Thompson*, 811 N.E.2d at 917. The trial court has discretion to set any date between the date of filing the dissolution petition and the date of the final hearing as the date for marital property valuation. *Deckard v. Deckard*, 841 N.E.2d 194, 200 (Ind.Ct.App.2006) (citing *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind.1996)). When a trial court engages in valuing assets in the course of acting on a dissolution action, it has broad discretion, and its valuation will only be disturbed for an abuse of that discretion. *Wyzard*, 771 N.E.2d at 757. So long as there is sufficient evidence and reasonable inferences to support the valuation, an abuse of discretion does not occur. *Id.* We will not reweigh the evidence and will consider the evidence in the light most favorable to the judgment. *Id.*

In the present case, Wife alleges that, because Husband's interest in the enhanced pension was vested as of the date of the hearing, the trial court should have included the enhanced portion in its valuation of Husband's pension. Specifically, Wife argues:

> Husband requested his divorce be made final on February 4, 2004 and Wife agreed as long as an understanding occurred that the pension issue be reserved for further proceedings. Husband should not be allowed to reserve an issue for further hearing and later claim the valuation is "closed" on that date. The fact that a decree and partial settlement agreement occurred only twenty days prior to Husband's thirty[-]year pension increase should not result in

Wife losing tens of thousands of dollars of her equitable share. There is a public policy in favor of the parties in dissolution actions reaching partial settlement agreements and reserving other issues for further hearing. If [the Court of Appeals] rules that Wife should have reached no partial agreements, this would have a dampening effect upon all litigants who would be forced to wait until complete final hearing before reaching any agreements on property division for fear of losing their equitable share.

Appellant's Brief at 11.

■ Wife couches her argument in terms of the date used to value the asset, but Wife confuses the identification of marital property subject to division with the date selected for valuation of that property. Contrary to Wife's assertion, compliance with the statutes that define "property" and that direct which property is subject to division in dissolution proceedings should not discourage litigants who wish to settle some issues and reserve others for hearing. An asset must first constitute marital property as defined under Indiana Code Section 31–9–2–98 before it requires valuation. As noted above, the enhanced portion of Husband's pension is not marital property subject to division because, as of the date the petition for dissolution was filed, the enhancement was forfeitable upon termination of Husband's employment and it was not vested. *See* Ind.Code § 31–9–2–98(b). The fact that the pension enhancement had vested by the final hearing date did not bring the enhancement into the marital estate for valuation purposes and division. Thus, the trial court did not abuse its discretion when it did not include the enhancement when determining the value of Husband's pension.

Having determined that the trial court correctly excluded the enhanced portion of Husband's pension when it valued the marital estate, we next consider whether the trial court abused its discretion in the value it assigned to Husband's pension. Husband's expert testified as to the value of the portion of Husband's pension that had vested as of the date of final separation. The expert valued that portion of the pension using two scenarios, selected the valuation that yielded the highest present value for that portion, and testified that the present value as of May 1, 2004 was $101,215. Wife did not dispute that conclusion at the hearing on the pension issue.

In its Order on Pension, the trial court determined that Husband's pension should be valued as of the date of dissolution, which was February 4, 2005. Through his expert witness, Husband offered the only evidence of the value of Husband's vested pension. The trial court determined the figure assigned by Husband's expert to be the pension's value and awarded Wife one-half of that amount. We cannot say that the trial court clearly erred in that regard.

### Conclusion

The enhanced portion of Husband's pension, which would accrue when he reached thirty years of employment with USX, was forfeitable upon termination of employment and was not yet vested when the petition for dissolution was filed. Thus, the trial court did not err when it determined that the enhancement was not part of the marital estate subject to division. And the record supports the trial court's determination that the remainder of Husband's pension had a value of $101,215. Thus, we cannot say that the trial court erred as a matter of law when it entered the Order on Pension.

Affirmed.

SHARPNACK, J., concurs.

ROBB, J., concurs in result.