

**FILED**

Feb 27 2015, 6:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brent R. Dechert
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Katherine J. Noel
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mary Ann Crider,

*Appellant-Respondent,*

v.

Robert Crider,

*Appellee-Petitioner.*

February 27, 2015

Court of Appeals Case No.
34A02-1403-DR-210

Appeal from the Howard Superior
Court.

The Honorable Brant J. Parry, Judge.

Cause No. 34D02-1204-DR-308

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Respondent, Mary Ann C. Crider (Wife), appeals the trial court's division of marital property in the dissolution of her marriage to Appellee-Petitioner, Robert D. Crider (Husband).

[2] We reverse and remand for further proceedings.

## ISSUE

[3] Wife raises one issue on appeal, which we restate as follows: Whether the trial court erred in its calculation and division of the marital estate.

## FACTS AND PROCEDURAL HISTORY

[4] Husband and Wife were married on October 15, 1989. Throughout their marriage, Husband and Wife lived in Greentown, Howard County, Indiana. No children were born of the marriage, but both parties have adult children from prior marriages. Husband and Wife are retired.

[5] After more than twenty-two years of marriage, on April 2, 2012, Husband filed a Verified Petition for Legal Separation, and on June 28, 2012, he filed a Petition to Convert Legal Separation to Dissolution. On November 25, 2013, the trial court conducted the final hearing of the dissolution proceedings. On December 30, 2013, the trial court issued the Decree of Dissolution, granting the divorce and distributing the various items of marital property. With the exception of Wife's $75,000 inheritance, the trial court determined that the

remainder of the estate should be equally divided between the parties. The distribution resulted in a net award of $276,692.52 (44%) to Husband and $351,693.53 (56%) to Wife. In order to effectuate its division, the trial court ordered Husband to make an equalization payment of $37,992.52 to Wife.

[6] On January 7, 2014, Husband filed a motion to correct error, alleging that the trial court mistakenly ordered the equalization judgment in Wife's favor. On January 9, 2014, the trial court granted Husband's motion and corrected its order to reflect that Wife should pay Husband the equalization sum. Then on January 29, 2014, Wife filed her own motion to correct error. In part, Wife asserted that the trial court erred by attributing the value of a tract of Florida real estate to her share of the marital estate and by failing to credit Wife for paying the parties' 2010 tax debt. On February 26, 2014, the trial court denied Wife's motion.

[7] Wife now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[8] In its Decree of Dissolution, the trial court *sua sponte* issued specific findings of fact and conclusions thereon. Accordingly, on appeal, our court will "not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether the findings or judgment are clearly erroneous, we first consider whether the record supports

the findings and, second, whether those findings support the judgment. *Granzow v. Granzow*, 855 N.E.2d 680, 683 (Ind. Ct. App. 2006). Findings are clearly erroneous if there are no facts in the record to support them either directly or by inference, and a judgment is clearly erroneous if the wrong legal standard is applied to properly found facts. *Birkhimer v. Birkhimer*, 981 N.E.2d 111, 118 (Ind. Ct. App. 2012), *reh'g denied*. In order to find "that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made." *Leonard v. Leonard*, 877 N.E.2d 896, 900 (Ind. Ct. App. 2007). For any issue not covered by the trial court's findings, we apply the general judgment standard and will affirm "if it can be sustained on any legal theory supported by the evidence." *Id.*

[9] In addition, the division of marital assets is a matter reserved to the trial court's sound discretion, and we will reverse only for an abuse of that discretion. *O'Connell v. O'Connell*, 889 N.E.2d 1, 10 (Ind. Ct. App. 2008). We do not reweigh evidence or assess the credibility of witnesses, and we will consider only the evidence that is most favorable to the trial court's disposition of the marital estate. *Id.* The party challenging the trial court's division of marital property bears the burden of overcoming "a strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *Id.* (internal quotation marks omitted).

## II. *Marital Estate*

Wife claims that the trial court erred in its calculation and division of the marital estate by including a tract of real estate, 1411 Elana Place, Lady Lake, Florida (Florida Property), as part of the marital pot and by excluding a 2010 debt owed to the Internal Revenue Service (IRS). In an action for dissolution of marriage, the trial court is required to divide the property of the divorcing spouses "in a just and reasonable manner." Ind. Code § 31-15-7-4(b). Indiana courts utilize a "one-pot" method for calculating and distributing marital property, whereby all property is included in the marital pot and subject to division, regardless of whether it was

> (1) owned by either spouse before the marriage;
> (2) acquired by either spouse in his or her own right:
>   (A) after the marriage; and
>   (B) before final separation of the parties; or
> (3) acquired by their joint efforts.

I.C. § 31-15-7-4(a); *Estudillo v. Estudillo*, 956 N.E.2d 1084, 1090 (Ind. Ct. App. 2011), *reh'g denied*. There is a rebuttable presumption that "an equal division of the marital property between the parties is just and reasonable." I.C. § 31-15-7-5. In this case, the trial court found that Wife's substantial inheritance justified a deviation from an equal split. *See* I.C. § 31-15-7-5(2)(B). After awarding Wife with the full $75,000 inheritance, the trial court equally divided the remainder of the estate between the parties.

### A. *Florida Property*

Wife first contends that the trial court erroneously included the Florida Property as part of the marital pot. At the final hearing, Wife explained that

she gifted $14,000 to her daughter for a down payment on the Florida Property and that she co-signed the mortgage for her daughter. Wife insisted that her daughter owns the Florida Property; thus, it does not constitute marital property. The trial court disagreed and made the following findings:

11. [Wife] used marital assets to purchase [the Florida Property].
12. The Mortgage on that property is in [Wife's] name.
13. [Wife] indicated that she intends to reside in this home after the dissolution is granted.
14. Other than [Wife's] own testimony, there was no evidence presented that this property belonged to [Wife's] daughter.
15. This property is a marital asset.
16. The value of the property is $136,000.00.
17. The debt on the property [is] $67,597.35.

(Appellant's App. pp. 16-17). The trial court allocated the Florida Property to Wife as an asset worth $68,402.65.

[12] The parties do not dispute that the Florida Property was purchased in May of 2012—that is, after Husband filed the petition for separation but prior to the petition for dissolution. In Indiana, it is well established that the determination of which property must be included as part of the marital estate is based on the date of the parties' final separation. *Webb v. Schleutker*, 891 N.E.2d 1144, 1149 (Ind. Ct. App. 2008). Only property that is acquired *prior to* the date of final separation is subject to division by the trial court as part of the marital pot. *Granzow*, 855 N.E.2d at 684. In general, the date of "final separation" refers to the date that the petition for dissolution is filed. *Id.* at 683. In the present case, legal separation proceedings were pending when Husband filed the petition for dissolution. As a result, April 2, 2012—the date that Husband filed the petition

for legal separation—is considered to be the parties' final separation date (Filing Date). *See* I.C. § 31-9-2-46. As the Florida Property is a post-Filing Date acquisition, Wife posits that it "should not be considered as part of the 'marital pot.'" (Appellant's Br. p. 14). On the other hand, Husband argues that the trial court properly included the Florida Property as part of the marital estate because Wife "purchased [it] with money accumulated by the parties' joint efforts." (Appellee's Br. p. 3). We agree with Wife.

[13] Notwithstanding the trial court's findings concerning Wife's ownership interest in the Florida Property, we hold that it does not constitute marital property because it was procured *subsequent to* the Filing Date. I.C. § 31-15-7-4(a); *see Estudillo*, 956 N.E.2d at 1091 (noting that the trial court may not distribute property that is not owned by the parties). A review of the record reveals that, during the marriage, the parties opened a joint account with Ameriprise Financial (Ameriprise), which consisted entirely of Wife's IRA funds. The trial court valued the Ameriprise account at $175,418.98 as of the Filing Date. *Thereafter*, Wife stated that she withdrew $14,000 from the Ameriprise account for her daughter's down payment, such that the account contained approximately $160,000 by the time of the final hearing. Nevertheless, the trial court awarded the Ameriprise account to Wife as an asset still worth $175,418.98. Therefore, to the extent that Wife inappropriately expended marital assets after the Filing Date, we find that the trial court effectively charged the expenditure against her share of the estate. Accordingly, we find that the trial court clearly erred by including the Florida Property as marital

property, and we remand with instructions for the trial court to recalculate and redistribute, if necessary, the marital estate.

## B. *Tax Debt*

[14] Wife also contends that the trial court erred by failing to include the parties' 2010 tax debt as part of the marital estate. During the final hearing, Wife offered into evidence an IRS notice, which was dated July 30, 2012, and was addressed to both Husband and her. The notice stated that due to a discrepancy between the IRS' information and their 2010 tax return, the parties owed a tax obligation of $1,965. Wife testified that she paid the outstanding balance prior to the final hearing and, as such, now asserts that she should have received a credit against her share of the marital assets.

[15] The trial court did not issue any findings pertaining to the IRS debt, so it is not clear that the court factored this liability into its calculation of the value of the marital estate. We reiterate that *all* marital property goes into the marital pot for division, which includes both the assets and liabilities of the spouses. *Capehart v. Capehart*, 705 N.E.2d 533, 536 (Ind. Ct. App. 1999), *reh'g denied*; *trans. denied*. Here, the unrefuted evidence establishes that, after the Filing Date, the parties received notice of a tax debt that arose prior to the parties' separation. Our court has previously found that a post-filing date tax refund should have been divided as a marital asset because it "represent[ed] [the] return of taxes which were overpaid during the marriage." *Moore v. Moore*, 695 N.E.2d 1004, 1010 (Ind. Ct. App. 1998). Similarly, the IRS notice represents the underpayment of taxes during the marriage. Thus, the tax debt is a marital

liability and should have been considered by the trial court in fashioning an equitable division of property. *See Birkhimer*, 981 N.E.2d at 121.

Furthermore, with the exception of Wife's inheritance, the trial court expressed its intent to equally divide the remaining marital property. Because Wife's accounts were valued as of the Filing Date, her subsequent payment of the total tax debt effectively reduced her share of the marital estate, which is clearly inconsistent with the trial court's intended distribution scheme. Therefore, we remand with instructions for the trial court to include the tax debt in the marital estate and to determine what portion, if any, should be allocated to Husband.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred by including the Florida Property and by excluding the IRS debt in its calculation and distribution of the marital estate.

Reversed and remanded for further proceedings.

Vaidik, C.J. and Baker, J. concur