## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2016, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE

Rebecca L. Lockard
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Marriage of:

Mark Alan Grube, Jr.,

*Appellant-Petitioner,*

v.

Brittany P. Grube,

*Appellee-Respondent.*

December 30, 2016

Court of Appeals Case No.
10A05-1607-DR-1693

Appeal from the Clark Circuit Court

The Honorable Andrew Adams, Judge
The Honorable Joni L. Grayson, Magistrate

Trial Court Cause No.
10C01-1512-DR-619

**Bradford, Judge.**

# Case Summary

Appellant-Petitioner Mark A. Grube, Jr., married Appellee-Respondent Brittany P. Grube on September 19, 2015. On December 4, 2015, Mark filed a petition seeking a dissolution of the parties' marriage. Mark appeals the trial court's division of the parties' marital estate, arguing that the trial court abused its discretion by failing to include a certain debt in the marital estate and in ordering an unequal division of the marital estate. We affirm.

# Facts and Procedural History

At some point, Mark and Brittany became involved in a romantic relationship. In approximately of January of 2014, they began to cohabitate. Mark and Brittany were married on September 19, 2015. They soon thereafter separated and, on December 4, 2015, Mark filed the instant dissolution action.

The trial court conducted a hearing on the dissolution action on May 2, 2016, after which it issued a decree of dissolution and an order dividing the parties' marital estate. The trial court noted in the dissolution order that the parties' debt was greater than their assets. Taking this fact into consideration, in dividing the parties' marital estate, the trial court concluded as follows:

> The court has considered all the factors that would warrant an unequal division of assets, and finds that the economic circumstances of the parties at the time of disposition and the earnings or earning ability of the parties are particularly significant. In particular, the fact that Brittany is assuming the car debt, which far exceeds the value of the car (and will likely

continue to exceed the value of the car), while Mark has the use of a "company" car, is significant. She has no other vehicle. The parties' incomes are disparate. Additionally, Mark incurred significant student loan debt prior to the marriage, and although he is paying that debt, the entire debt has been considered in the final division of assets and debts, which places Brittany in the position of "contributing" to the payment of that large debt even though it was incurred almost, if not entirely, prior to their marriage. Therefore, the court finds and concludes that an unequal division of the marital assets and debts is warranted, and Brittany shall receive the sum of $8429.00 from Mark (*See* Respondent's Exhibit 2) to effectuate a "60/40" division. This amount will only reduce the overall amount of debt Brittany is paying; it will not in any way place her in "positive" territory with regard to division of assets and debts. The court does not find a "dissipation" of marital assets occurred. The parties simply lived beyond their means, and will have significant debt to pay as a result.

Order. This appeal follows.

# Discussion and Decision

[4] Mark contends that the trial court abused its discretion in dividing the parties' marital estate.

> When reviewing a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion. *Keller v. Keller*, 639 N.E.2d 372, 373 (Ind. Ct. App. 1994), trans. denied. We consider only the evidence most favorable to the trial court's disposition of the property. *Id*. We will reverse only if the result is clearly against the logic and effect of the facts and the reasonable inferences to be drawn therefrom. *Id*.

*Capehart v. Capehart*, 705 N.E.2d 533, 536 (Ind. Ct. App. 1999).

# I. Exclusion of a Claimed Debt from Marital Estate

[5] Mark claims that the trial court abused its discretion in failing to include a 2015 tax liability in the martial estate.

[6] With respect to the inclusion of an asset or debt in the marital estate, we have previously concluded as follows:

> Since the marital property must be disposed of at one time, the trial court must have before it a fixed, presently ascertainable value of the assets. [*Waggoner v. Waggoner*, 531 N.E.2d 1188, 1189 (Ind. Ct. App. 1988)]. The parties have the burden to produce evidence as to the value of the assets. *Neffle v. Neffle*, 483 N.E.2d 767, 770 (Ind. Ct. App. 1985), *reh'g denied*, *trans. denied*. Therefore, impliedly, the parties also have the burden to produce evidence as to the existence of the assets.

*Conner v. Conner*, 666 N.E.2d 921, 926 (Ind. Ct. App. 1996).

[7] In the instant matter, the trial court found that there was no evidence proving the existence of the claimed 2015 tax liability. Mark testified that he had received notification from the Internal Revenue Service ("IRS") that Mark was subject to a 2014 tax liability of $2579.00 because he had claimed an education tax credit to which he was not entitled. Mark also testified that his accountant had informed him that because he had claimed the same credit on his 2015 taxes, the same amount would likely be owed in 2015 as well. Mark, however, did not testify that, as of the date of the dissolution hearing, the IRS had actually informed him that any such tax liability had been imposed in

connection with his 2015 taxes. In addition, our review of the record does not reveal any other evidence indicating that the IRS had actually notified Mark that any such liability existed for 2015 or the exact amount which would be owed. Mark's argument is this regard simply appears to be based on his accountant's speculation.

## II. Unequal Division of the Parties' Marital Estate

Mark also claims that the trial court abused its discretion in ordering an unequal division of the parties' marital estate.

"In an action for dissolution of marriage, the trial court is required to divide the property of the divorcing spouses 'in a just and reasonable manner.'" *Crider v. Crider*, 26 N.E.3d 1045, 1048 (Ind. Ct. App. 2015) (quoting Ind. Code § 31-15-7-4(b)).

> Indiana courts utilize a "one-pot" method for calculating and distributing marital property, whereby all property is included in the marital pot and subject to division, regardless of whether it was
>     (1) owned by either spouse before the marriage;
>     (2) acquired by either spouse in his or her own right:
>         (A) after the marriage; and
>         (B) before final separation of the parties;
>         or
>     (3) acquired by their joint efforts.
> [Ind. Code] § 31-15-7-4(a); *Estudillo v. Estudillo*, 956 N.E.2d 1084, 1090 (Ind. Ct. App. 2011), *reh'g denied*.

*Id.* at 1048. "There is a rebuttable presumption that 'an equal division of the marital property between the parties is just and reasonable.'" *Id.* (quoting Ind. Code § 31-15-7-5).

> However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>> (2) The extent to which the property was acquired by each spouse:
>>> (A) before the marriage; or
>>> (B) through inheritance or gift.
>> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>> (5) The earnings or earning ability of the parties as related to:
>>> (A) a final division of property; and
>>> (B) a final determination of the property rights of the parties.

Ind. Code § 31-15-7-5.

[10] In ordering a 60/40 division of the marital estate, the trial court noted that the parties had agreed to a debt division, with each taking the debt incurred in their

name. As part of this agreement, Mark agreed to take responsibility for payment of his student loans and Brittany agreed to take responsibility for payment of the medical bills which had stemmed from her treatment for ovarian cancer. The trial court noted that each of these debts was significant. In addition to the significant debt from her medical bills, Brittany agreed to take on the significant debt associated with the parties' Ford Fusion.

[11] The trial court also found that the parties' incomes were disparate. The record reveals that at the time of the final separation, Brittany earned approximately $22,000 per year and Mark earned approximately $40,000 per year. Thus, during the course of the parties' co-habitation and marriage, Mark's income was nearly double Brittany's. At the time of the dissolution hearing, Mark's income had increased to approximately $44,000 and Brittany had secured new employment and was earning approximately $32,000. Even after Brittany secured new employment, Mark earned approximately $10,000 more than Brittany per year.

[12] Again, after considering the relevant statutory factors together with the evidence presented by the parties, the trial court concluded as follows:

> Therefore, the court finds and concludes that an unequal division of the marital assets and debts is warranted, and Brittany shall receive the sum of $8429.00 from Mark (*See* Respondent's Exhibit 2) to effectuate a "60/40" division. This amount will only reduce the overall amount of debt Brittany is paying; it will not in any way place her in "positive" territory with regard to division of assets and debts. The court does not find a "dissipation" of marital assets occurred. The parties simply lived

beyond their means, and will have significant debt to pay as a result.

Order.

[13] Mark asserts on appeal that the trial court failed to consider all relevant factors when ordering an unequal division of the parties' marital estate. "The party challenging the trial court's division of marital property bears the burden of overcoming a strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *Crider*, 26 N.E.3d at 1047-48 (internal quotation omitted). Our review of the instant matter leads us to the conclusion that Mark has failed to meet this burden and, as a result, has failed to overcome the presumption that the trial court considered and complied with Indiana Code sections 31-15-7-4 and 31-15-7-5 when ordering an unequal division of the parties' marital estate. As such, we conclude that Mark has failed to prove that the trial court abused its discretion in this regard.

[14] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.