## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 23 2020, 9:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Raquet, Vandenbosch & Steele
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Whitney K. Beck
The Beck Law Office, LLC
Kokomo, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kearney W. Walters, III, *Appellant-Petitioner,* | March 23, 2020 |
| | Court of Appeals Case No. 19A-DN-1883 |
| v. | Appeal from the Howard Superior Court |
| Carrie Walters, *Appellee-Respondent.* | The Honorable Brant J. Parry, Judge |
| | Trial Court Cause No. 34D02-1901-DN-212 |

**Najam, Judge.**

# Statement of the Case

Kearney Walters, III ("Husband") appeals the dissolution court's final decree dissolving his marriage to Carrie Walters ("Wife"). Husband presents two issues for our review:

1. Whether the dissolution court erred when it listed a marital asset as a marital debt.

2. Whether the dissolution court erred when it disregarded evidence of more than $17,000 in credit card debt incurred by Husband.

We reverse and remand with instructions.

# Facts and Procedural History

Husband and Wife were married in May 2015, and no children were born of the marriage. In January 2019, Husband filed a petition for dissolution of the marriage. During the final hearing, the court admitted into evidence without objection Husband's Exhibit 1, which Husband described as a "summary" of his testimony regarding the parties' assets and liabilities. Tr. Vol. 2 at 9. After the hearing, the dissolution court entered its final decree in which it purported to allocate fifty percent of the marital estate to each party. To achieve the equal property division, the court ordered Husband to pay Wife an equalization payment of $4,955. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

In its Decree of Dissolution, the trial court *sua sponte* issued specific findings of fact and conclusions thereon. Accordingly, on appeal, our court will "not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether the findings or judgment are clearly erroneous, we first consider whether the record supports the findings and, second, whether those findings support the judgment. *Granzow v. Granzow*, 855 N.E.2d 680, 683 (Ind. Ct. App. 2006). Findings are clearly erroneous if there are no facts in the record to support them either directly or by inference, and a judgment is clearly erroneous if the wrong legal standard is applied to properly found facts. *Birkhimer v. Birkhimer*, 981 N.E.2d 111, 118 (Ind. Ct. App. 2012). In order to find "that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made." *Leonard v. Leonard*, 877 N.E.2d 896, 900 (Ind. Ct. App. 2007). For any issue not covered by the trial court's findings, we apply the general judgment standard and will affirm "if it can be sustained on any legal theory supported by the evidence." *Id.*

In addition, the division of marital assets is a matter reserved to the trial court's sound discretion, and we will reverse only for an abuse of that discretion. *O'Connell v. O'Connell*, 889 N.E.2d 1, 10 (Ind. Ct. App. 2008). We do not reweigh evidence or assess the credibility of witnesses, and we will consider only the evidence that is most favorable to the trial court's disposition of the marital estate. *Id.* The party challenging the trial court's division of marital property bears the burden of overcoming "a strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the

strongest presumptions applicable to our consideration on appeal." *Id.* (internal quotation marks omitted).

*Crider v. Crider*, 26 N.E.3d 1045, 1047-48 (Ind. Ct. App. 2015).

### *Issue One: Loan*

Husband first contends that the dissolution court erred when it included in a list of debts to be assumed by Wife an unpaid loan the parties had made to a third party in the amount of $1,500. Husband asserts, and Wife does not dispute, that the loan is not a debt, but is an asset in the amount of $1,500. Neither party testified about this asset at the final hearing. Rather, in Husband's Exhibit 1, a "Loan to Ron and Jackie Clover" is listed as an asset in the amount of $1,500. Appellant's App. Vol. 2 at 27.

Initially, we note that the parties dispute the evidentiary value of Husband's Exhibit 1, which he described as a "summary of [his] testimony." Tr. Vol. 2 at 9. We need not resolve that dispute because the dissolution court clearly relied on Exhibit 1, in part, in dividing the marital estate. As with any evidence, the dissolution court exercised its discretion to assess the credibility of the information set out in Exhibit 1, and we will not second-guess the court in that regard. *See Crider*, 26 N.E.3d at 1047.

That being said, Exhibit 1 clearly lists the $1,500 loan to the Clovers as a marital asset, and neither party presented any evidence to the dissolution court to suggest that the loan is a debt. Indeed, Wife did not dispute this alleged asset at the final hearing, and, on appeal, she does not contend that the loan is

anything other than a marital asset. Because there is no evidence that the loan is a debt, the dissolution court abused its discretion when it assigned the loan as a debt to Wife. Accordingly, we reverse and remand to the dissolution court to recalculate the marital pot. The court shall include the $1,500 unpaid loan as a marital asset, unless the court deems the evidence insufficient to establish the loan, in which case the court may disregard the loan altogether.

### Issue Two: Credit Card Debt

[7] Husband next contends that the dissolution court erred when it assessed a total of $6,200 in credit card debt to Wife but "failed to assign any value to the credit card debts" claimed by Husband. Appellant's Br. at 10. In the final decree, the dissolution court found in relevant part as follows:

DEBTS

18. [Husband] shall pay the following debt:

  a. any debt in his name alone

19. [Wife] shall pay the following debt:

  a. the debt owed to Ron and Jackie Clover ($1,500);

  b. Discover Card ($6,000.00);

  c. Kohl's Card ($0.00);

  d. JCPenney Card ($200.00);

  e. any other debt in her name alone.

20. There is an indication on [Husband's] sheet of assets and debts [(Exhibit 1)] involving over $17,000 in credit card debt. The amount is listed under [Husband's] column, however, counsel wrote "wife" in the margin. Neither party presented any evidence or other proof concerning these debts. Therefore, each party will pay what is in their name. It is not accounted for [in] the recapitulation.

Appellant's App. Vol. 2 at 14. In the "recapitulation" included in the decree, the dissolution court lists only Wife's debts, including the $6,200 credit card debt. *Id.* at 16. The court does not show any specific amount of credit card debt to Husband.

[8] It is well settled that all marital property goes into the marital pot for division, which includes both the assets and liabilities of the spouses. *Crider*, 26 N.E.3d at 1049. Husband asserts that the only evidence of Wife's credit card debt, as found by the dissolution court, was Husband's Exhibit 1. However, with respect to the $17,657 in credit card debt Husband assigned to himself in Exhibit 1, the dissolution court observed that the word "Wife" was handwritten in the margin and stated that "[n]either party presented any evidence or other proof concerning these debts." Appellant's App. Vol. 2 at 14. On appeal, Husband maintains that "[i]t is at best arbitrary and capricious to choose the values listed by Husband to Wife, but to completely ignore the values listed by Husband concerning his own debt." Appellant's Br. at 10.

[9] Initially, we agree with Husband that the dissolution court erred when it found the handwritten note "Wife" in the margin of Exhibit 1 to be relevant to

Husband's claimed credit card debt. During Husband's testimony at the final hearing, he addressed which of the marital assets belonged to which party, and he stated that the "Palomino Pop Up" should be "moved from [his] list of assets to hers." Tr. Vol. 2 at 10. Accordingly, his attorney stated that he was putting "a blue mark beside that and just say wife." *Id.* The Palomino Pop Up is on the single-space list of Husband's assets in Exhibit 1 just one line below the credit card debt notation. Thus, the handwritten notation "Wife," in blue ink, has nothing to do with the credit card debt, but refers to the Pop Up asset. On remand, we instruct the dissolution court to reconsider the evidence of Husband's credit card debt without considering the handwritten notation "Wife" in the margin in Exhibit 1.

[10] However, we decline Husband's request that we instruct the dissolution court to hold a new hearing to give him the opportunity to present additional evidence in support of his claimed credit card debt. Husband points out that, during the final hearing, he "referenced multiple times having the supporting documents for the debts and payments made on debts in the courtroom. . . . Yet, this evidence was inexplicably never introduced." Appellant's Br. at 11. But Husband is not entitled to a second bite at the apple. *See Church v. Church*, 424 N.E.2d 1078, 1082 (Ind. Ct. App. 1981) (holding that "parties to a legal proceeding are bound by the evidence they introduce at trial and they are not allowed a second chance if they fail to introduce crucial evidence").

[11] Moreover, again, the dissolution court has discretion on remand to assess the credibility of Husband's claimed credit card debt shown in Exhibit 1. *See Crider*,

26 N.E.3d at 1047. While Exhibit 1 provides the only evidentiary support for Wife's $6,200 in credit card debt listed in the final decree, that does not mean that the court was required to adopt, line-by-line, the entire "summary" of the evidence contained in that exhibit. Rather, the court is entitled to assess Husband's credibility on the issue of his credit card debt in light of all of the evidence presented at the final hearing.[1] *See Crider*, 26 N.E.3d at 1047.

### *Conclusion*

[12] We reverse and remand to the dissolution court to reassess the value of the marital estate in light of the erroneous delineation of an alleged marital asset as a marital debt in the amount of $1,500. On remand, we also instruct the dissolution court to reconsider the evidence of Husband's credit card debt without considering the handwritten notation "Wife" in the margin in Exhibit 1. After correcting those two errors, the court shall issue a revised final decree reflecting the value of the marital estate and the division of assets and liabilities in a manner consistent with this decision.

[13] Reversed and remanded with instructions.

Vaidik, J., concurs.

Tavitas, J., dissents with separate opinion.

---

[1] We note Wife suggests that Husband had dissipated marital assets during the marriage, but the court made no such finding.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kearney W. Walters, III,<br>*Appellant-Petitioner,* | Court of Appeals Case No.<br>19A-DN-1883 |
| v. | |
| Carrie Walters,<br>*Appellee-Respondent.* | |

**Tavitas, Judge, dissenting.**

[14] I respectfully dissent from the majority's reversal of the trial court's division of property.

[15] The majority seems to rely on Husband's exhibit "Summary of Husband's Testimony" as actual substantive evidence of the assets and debts of the parties without the actual testimony to back up the exhibit. I do not agree that this exhibit alone provides sufficient or credible evidence to find that the trial court erred in failing to properly divide the marital estate. A party in a dissolution of marriage proceeding cannot find relief on appeal after that party failed to provide sufficient and credible evidence of marital property and debts.

[16]    We have held:

> [A]ny party who fails to introduce evidence as to the specific value of the marital property at the dissolution hearing is estopped from appealing the distribution on the ground of trial court abuse of discretion based on that absence of evidence. This rule places the burden of producing evidence as to the value of the marital property where it belongs on the parties, rather than on the trial court. It is appropriate to require the parties to bear the burden of gathering and presenting to the trial court evidence as to the value of the marital property rather than to place upon the trial court the risk of reversal if it distributes the marital property without specific evidence of value.

*In re Marriage of Church,* 424 N.E.2d 1078, 1081-82 (Ind. Ct. App. 1981).

[17]    Husband's arguments concern an alleged $17,657.00 in credit card debt incurred by Husband and an alleged $1,500.00 loan to Ron and Jackie Clover. Although both items in question were listed in Husband's Exhibit 1, entitled "Summary of Husband's Testimony," Husband failed to present evidence regarding either item. I conclude that Husband is estopped from raising these arguments on appeal given his lack of evidence presented to support these items. *See also Campbell v. Campbell*, 993 N.E.2d 205, 215 (Ind. Ct. App. 2013) ("To the extent Father argues that the order results in an unequal division, we note that Father did not present any evidence as to the value of these items. As it was the burden of the parties to prove the value of the marital assets, we decline to address this issue."), *trans. denied*. Husband is essentially attempting to present the evidence on appeal that he should have presented at the final hearing.

[18] I also note that, in challenging the trial court's division of marital property, Husband must overcome a strong presumption that the trial court considered and complied with the applicable statute.[2] *Harris v. Harris*, 42 N.E.3d 1010, 1017 (Ind. Ct. App. 2015). This presumption is one of the strongest presumptions applicable to our consideration on appeal. *Id.* The trial court assesses the credibility of the witnesses and the weight of the evidence. *See In re Marriage of Perez*, 7 N.E.3d 1009, 1010-11 (Ind. Ct. App. 2014) ("We consider only the evidence most favorable to the trial court's disposition of the marital property, and we may not reweigh the evidence or assess the credibility of the witnesses."). Unfortunately, here, the trial court was given little if any evidence regarding the alleged loan and husband's debts. Why was Husband not simply asked about these in direct examination? It was within the discretion of the trial court to reject evidence as either insufficient or not credible. We cannot, on appeal, reweigh the evidence, which the majority does here.

[19] Trial courts are vested with the duty to evaluate the evidence presented and to assess the credibility of the witness testimony and evidence presented. Given the lack of evidence presented by Husband, Husband has failed to overcome this presumption. I cannot find that the trial court abused its discretion based upon the scant evidence in the record regarding the parties' assets and debts.

---

[2] *See* Ind. Code § 31-15-7-4 ("The court shall divide the property in a just and reasonable manner . . . ."); Ind. Code § 31-15-7-5 ("The court shall presume that an equal division of the marital property between the parties is just and reasonable.").

The trial court did not abuse its discretion. I respectfully dissent and would affirm the trial court's division of the marital estate.